1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   SHAWN GILREATH,                        No.  1:18-cv-00248-DAD-SKO

12                     Petitioner,

13        v.                                **FINDINGS AND RECOMMENDATIONS
                                            TO DENY IN PART AND DISMISS IN**
14   STEVEN LAKE,[1]                        **PART PETITION FOR WRIT OF
                                            HABEAS CORPUS**
15                     Respondent.
                                            **ORDER DIRECTING CLERK
16                                          OF COURT TO AMEND CAPTION**

17                                          **(Doc. 1)**

18

19        Petitioner, Shawn Gilreath, is a federal prisoner proceeding *pro se* with a petition for writ

20   of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges three grounds for habeas relief:

21   (1) the Federal Bureau of Prisons ("BOP") incorrectly computed his sentence by failing to give him

22   credit for time served; (2) prison officials violated 28 C.F.R. § 540.70 by not allowing him to

23

24

25   _____

     [1] Pursuant to Fed. R. Civ. P. 25(d), when a public party in an official capacity dies, resigns, or otherwise ceases to hold
26   office while the action is pending, the officer's successor is automatically substituted as a party.  Steven Lake has
     succeeded Andre Matevousian as Warden of the United States Penitentiary at Atwater.

27   Accordingly, the Court hereby ORDERS the Clerk of Court to amend the caption in this matter to reflect the names of
     Steven Lake as Respondent.
28

1

receive books unless ordered through the prison at a thirty percent markup; and (3) prison officials violated 28 C.F.R. § 540.10 by restricting his incoming mail.  The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Having reviewed the record as a whole and applicable law, the undersigned recommends that the Court deny in part and dismiss in part the habeas petition.

## I.  **Background**

On October 23, 1996, authorities in Clayton County, Georgia, arrested Petitioner for murder, felony murder, armed robbery, theft by taking from another county, theft by receiving stolen property, and possession of a firearm during commission of a felony.  (Doc. 12-2 at ¶ 6.)  On December 13, 1996, while in custody in Clayton County, Petitioner was charged in the Northern District of Georgia with attempted armed bank robbery and kidnapping (18 U.S.C. § 2113(a), (d), & (e)) and use of a firearm during a crime of violence (18 U.S.C. § 924(c)).  *Id*. at ¶ 7.

On March 24, 1998, following a jury trial, Petitioner was convicted of attempted armed bank robbery with kidnapping and use of a firearm during a crime of violence.  On July 9, 1998, the United States District Court for the Northern District of Georgia sentenced Petitioner to 252-months' imprisonment for violation of 18 U.S.C. § 2113 and a 360-month consecutive term of imprisonment for violation of 18 U.S.C. § 924(c).  *Id*. at ¶ 8.

On July 29, 2001, the United States Court of Appeals for the Eleventh Circuit affirmed the guilty verdicts, but reversed sentence and remanded to the sentencing court.  *Id*. at ¶ 10.  On June 12, 2002, the District Court re-sentenced Petitioner to a 300-month term of imprisonment for violation of 18 U.S.C. § 2113 and a 60-month consecutive term of imprisonment for violation of 18 U.S.C. § 924(c).  *Id*. at ¶ 12.  The Court also recommended that Petitioner receive credit for the time he served in custody, including the time he served in the Clayton County Jail.  *Id*. at ¶ 13.

Petitioner was returned to Georgia state authorities, and the United States Marshals Service ("USMS") lodged his criminal judgment as a detainer with Clayton County authorities. *Id*. at ¶ 14. On November 12, 2002, the BOP designated the Clayton County Detention Center as the place for Petitioner to begin serving his federal sentence. *Id*. at ¶ 15.

On November 18, 2003, Petitioner escaped from the Clayton County Detention Center. *Id*. at ¶ 16. Petitioner was arrested on December 5, 2003, in Baltimore County, Maryland, following his involvement in an attempted bank robbery. *Id*. at ¶ 17. On March 22, 2004, in deference to a federal prosecution, the State of Maryland dismissed charges and released Petitioner to the custody of the USMS. *Id*. at ¶ 18.

On June 28, 2005, the United States District Court for the District of Maryland sentenced Petitioner to 144-months' imprisonment for possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(D)(ii)) and aiding and abetting (18 U.S.C. § 2). *Id*. at ¶ 19. The court ordered that the term of imprisonment run consecutive with the sentence imposed by the Northern District of Georgia and ordered credit for time served from December 5, 2003. *Id*. at ¶ 20.

Petitioner is currently incarcerated at the United States Penitentiary at Atwater, California, and has a projected release date of October 14, 2034.

On February 20, 2018, Petitioner filed his petition for writ of habeas corpus with this Court. Respondent filed a response on April 27, 2018.

## II.    Petitioner Failed to Exhaust his Administrative Remedies

In his first ground for relief, Petitioner alleges the BOP incorrectly computed his sentence by failing to give him credit for time served. (Doc. 1 at 7-8.) Respondent counters that Petitioner did not exhaust his administrative remedies before filing his petition. (Doc. 12 at 7-9.)

## A.  **Standard of Review**

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (internal citations omitted).  The exhaustion requirement

> aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum; conserv[ing] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[ing] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).

Although § 2241 does not specifically require exhaustion, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

Because the exhaustion requirement is not a "'jurisdictional prerequisite,' it is subject to waiver in § 2241 cases." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).  "[T]he district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.3d 533, 535 (9th Cir. 1990), *overruled on other grounds, Reno v. Koray*, 515 U.S. 50 (1995). The exhaustion requirement can be waived "if pursuing those administrative remedies would be futile." *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991)).  Other exceptions to the general exhaustion rule include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted)).

Federal prisons have a specific administrative remedy procedure through which inmates can present their claims to prison officials. *Martinez*, 804 F.2d at 570; 28 C.F.R. § 542.10(a) (the administrative remedy program allows inmates to seek formal administrative review of an issue relating to any aspect of the inmate's confinement). The BOP's administrative review begins when an inmate seeks informal resolution of the issues at the place of confinement. 28 C.F.R. § 542.13. If that fails, the inmate must file a formal written administrative request on form BP-9 with the warden. *Id*. at § 542.14. If the inmate is dissatisfied with the warden's response, further review is available by the BOP's regional director. *Id*. at§ 542.15. The inmate can then seek review with the BOP's Officer of General Counsel. *Id*. A final decision from the Office of General Counsel completes the BOP's administrative review procedure. *Id*. at § 542.15(a).

**B. Petitioner Failed to Exhaust His Administrative Remedies**

Petitioner has filed a total of 35 administrative remedy requests while incarcerated, two of which refer to the issue of whether BOP correctly calculated his sentence. (Doc. 12-1 at ¶¶ 5-6.) On July 5, 2011, Petitioner submitted a request entitled "Credit for Time on Another Sentence – Same Criminal AC." *Id*. at ¶ 7. The request was submitted to the warden of the institution on a BP-9, and the institution responded by denying the request on October 4, 2011. *Id*. Petitioner did not seek further review of his request.

Similarly, on July 19, 2011, Petitioner filed an administrative remedy request entitled "Wants Time Reinstated." *Id*. at ¶ 8. The institution denied the request on August 8, 2011, and Petitioner did not proceed through any further administrative remedy steps. *Id*.

Petitioner failed to complete the administrative remedy procedure beyond filing a BP-9 with the warden. Consequently, Petitioner has failed to exhaust his challenge to his sentence computation. Petitioner does not contend that the exhaustion of his administrative remedies would be futile. Nor does Petitioner allege facts establishing any other exception to the general rule of

exhaustion; thus the Court does not recommend waiving his failure to exhaust.  *See Laing*, 370 F.3d at 1000-01.

The considerations that weigh in favor of requiring Petitioner to exhaust his administrative remedies prior to seeking habeas relief are strong in this case.  BOP has the expertise in analyzing its own policies and any legal precedent that governs sentence computation and projected release dates.  *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").  Further, BOP review would develop a record that would facilitate meaningful judicial review of the merits of Petitioner's sentence computation claim.  *See Jones v. Bock*, 549 U.S. 199, 219 (2007) (exhaustion improves "litigation that does occur by leading to the preparation of a useful record") (internal citations omitted).  Finally, the administrative review procedure is available to Petitioner, and, if BOP has erred in is computation of Petitioner's sentence, BOP could correct its mistake without the need for judicial review.  *Id.*

For the foregoing reasons, the Court recommends denying Petitioner's claim for failure to exhaust administrative remedies.

III.    **Petitioner Does Not State a Claim Cognizable on Federal Habeas Review**

Petitioner's second and third grounds for habeas relief include claim that the prison will not allow him to order books without a markup, in violation of 28 C.F.R. § 540.70,[2] and the prison

---

[2] Pursuant to 28 C.F.R. §540.70,

> Except when precluded by statute . . ., the Bureau of Prisons permits an inmate to subscribe to or to receive publications without prior approval and has established procedures to determine if an incoming publication is detrimental to the security, discipline, or good order of the institution or if it might facilitate criminal activity.  The term publication, as used in this subpart, means a book, booklet, pamphlet, or similar document, or a single issue of a magazine, periodical, newsletter, newspaper, plus such other materials addressed to a specific inmate such as advertising brochures, flyers, and catalogs.

is restricting incoming mail, in violation of 28 C.F.R. § 540.10.[3] (Doc. 1 at 8.) Both claims are challenges to the conditions of Petitioner's confinement, and a civil rights action, not a habeas petition, "is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement." *See Johnson v. Matevousian*, No. 1:15-cv-00600-DAD-MJS, 2017 WL 469360, *2 (E.D. Cal. Feb. 2, 2017) (petitioner's claims "that prison officials failed to provide him access to personal property, legal materials, and mail . . . constitute challenges to the conditions of his confinement.").

Consequently, the Court recommends dismissing claims two and three without prejudice to Petitioner's ability to file a civil rights action.

## IV.   Recommendations and Conclusions

Based on the foregoing, the undersigned recommends the Court:

1. Deny Petitioner's Petition for Writ of Habeas Corpus as to claim 1; and

2. Dismiss Without Prejudice Petitioner's Petition for Writ of Habeas Corpus as to claims 2 and 3.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C □ 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned □Objections to Magistrate Judge's Findings and Recommendations.  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923

---

[3] Pursuant to 28 C.F.R. § 540.10, "The Bureau of Prisons encourages correspondence that is directed to socially useful goals.  The Warden shall establish correspondence procedures for inmates in each intuition, as authorized and suggested in this rule."

F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 19, 2018**__                    ____/s/ *Sheila K. Oberto*____
                                                   UNITED STATES MAGISTRATE JUDGE